UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W. SHORT,

    Plaintiff,

v.                                                          Case No. 3:24cv403-LC-HTC

JOSEPH A. ALLDREDGE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Steven W. Short ("Short"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. Doc. 10. Upon review of the second amended complaint, the undersigned recommends that it be DISMISSED WITH PREJUDICE *sua sponte* because it fails to state a claim against the Defendants.

**I.    Background**

Short initiated this action by filing a document titled "Notice of Action".[1] Doc. 1. The Court liberally construed the document as an attempt by Short to file a

---

[1] The Court takes judicial notice that since the filing of this action, Short has filed several notices of action, seeking to assert claims on behalf of various individuals ranging from staff members at the Jail to other inmates. The clerk has been directed to close each of those cases because Short is not an attorney and cannot file a complaint on behalf of or for another person. *See O'Neil v. Adkinson*, 324cv448TKW; *LaFountain v. Adkinson*, 324cv449LC.

civil rights complaint and ordered Short to file an amended complaint on the Court's required complaint form.  Doc. 4.  Short then filed a first amended complaint against Defendants: (1) Joseph A. Alldredge; (2) Michael A. Adkinson, Jr., the Sheriff of Walton County; and (3) Ryan Ashley McCormick seeking relief for their roles in his arrest.  Doc. 6.  However, the first amended complaint contained no factual allegations, no statement of claims, and no request for relief.  *See* Fed. R. Civ. P. 8(a).  Indeed, even when reading the "Notice of Action" with the First Amended Complaint, Short had clearly failed to state a cause of action against the Defendants.

Nonetheless because Short is proceeding *pro se*, rather than recommending the action be dismissed, the Court issued an order detailing the deficiencies in Short's first amended complaint and allowed him to file a second amended complaint.  Doc. 7.  Despite that opportunity, Short's second amended complaint continues to fail to state a claim.

## II.     Legal Standard

Because Short is a pretrial detainee proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  To state a claim, Short must plead factual content which allows the Court to draw the

reasonable inference that the Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Short's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Discussion

As with the first amended complaint, Short names Alldredge, Adkinson, Jr., and McCormick as Defendants. Short alleges the following factual allegations as to each Defendant:

> Alldredge – 42 days of being incarcerated was my first and only real visit with Joseph Alldredge and was denied my motion for the 40 day rule "told me to bond out" video proof on 5/2/24. Time at or around 3:30 pm
>
> Adkinson, Jr. – not upholding rules under 3.134 Time for Filing Formal Charges (1)(2)
>
> McCormick – not obeying rules under 3.134 time for filing formal charges [in no event shall any defendants remain in custody beyond 40 days unless they have been formally charged with a crime] still in jail as of today with an amended charge 180+ days.

Based on those allegations, Short contends Defendants have violated his Fourteenth Amendment rights through false imprisonment and seeks $13 million and expungement of his criminal record.

While Short has included a few more facts in the second amended complaint,

the allegations continue to fall short of meeting the pleading requirements set forth in Federal Rule of Civil Procedure 8 (requiring a short and plain statement showing why the pleader is entitled to relief and putting the defendant on notice of the wrong alleged against him) and continue to fail to state a claim.

First, as the Court previously advised Short, he cannot state a federal claim against Defendant Alldredge because public defenders are not state actors for purposes of § 1983.[2] *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Second, Short has not stated a claim against Adkinson and McCormick. As set forth above, Short alleges Adkinson and McCormick failed to follow Florida Rule of Criminal Procedure 3.134, which requires the State to file formal charges against a defendant within 30 days of the defendant's arrest. Fla. R. Crim. P. 3.134. The Court takes judicial notice that Short was arrested on or about March 21, 2024, and an information was filed against him on April 4, 2024, charging him with

---

[2] Attached to the second amended complaint is a document titled "Violations of Rules under 27.511 Offices of Criminal Conflict and Civil Regional Counsel, Duties". Doc. 10-1. It is unclear to the Court what Short sought to convey with this document. To the extent Short is seeking to file a civil suit against Alldredge related to his representation of Short, he must do so in a separate state court action.

Case No. 3:24cv403-LC-HTC

possession of a weapon or ammunition by a convicted felon.[3] *See State v. Short*, 2024-CF-206, Circuit Court of the First Judicial Circuit in and for Walton County, Florida. Thus, Short's claim is factually without merit. Regardless, even if this allegation was true *and* even if the Court were to assume that either Adkinson or McCormick were responsible for filing an information or indictment against Short, "the state's failure to follow certain procedures outlined in the state's criminal code … do not present federal constitutional violations." *See Cappetta v. Wainwright*, 433 F.2d 1027, 1030 (5th Cir. 1970).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE for failing to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of September, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] According to the docket, the circuit court has ordered a competency evaluation on Short to determine whether he is competent to stand trial. *See Online Docket*, https://www.civitekflorida.com/ocrs/app/search.xhtml?tab=1&noresults=true.

Case No. 3:24cv403-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv403-LC-HTC